UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SHONTA SIMMONS,

          Plaintiff,

v.

BLAINE LAFLER, et. al.,

          Defendants.
_____/

Case No. 14-13063
HON. TERRENCE G. BERG
HON. R. STEVEN WHALEN

## OPINION AND ORDER OF SUMMARY DISMISSAL

The Court has before it Plaintiff Niko Shonta Simmons' *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff is an inmate currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. (*Id.*) On August 14, 2014, Magistrate Judge R. Steven Whalen signed an order directing Plaintiff to provide eight additional copies of his Complaint in order to effect proper service upon Defendants. (Dkt. 4.) Magistrate Judge Whalen also signed a second order of deficiency requiring Plaintiff to either pay the filing fee or to submit an application to proceed without prepayment of fees. (Dkt. 5.) As part of that order, Plaintiff was directed to provide a written authorization to withdraw funds from his prison trust fund account. (*Id.*) Plaintiff was given thirty days to respond to the orders but did not comply. (*Id.*) Therefore, the Court will DISMISS Plaintiff's complaint without prejudice. Plaintiff is not prohibited from re-filing this case as long as he complies with Magistrate Judge Whalen's orders.

1

## I. DISCUSSION

Plaintiff's complaint is subject to dismissal for two reasons. First, although Plaintiff filed an application to proceed *in forma pauperis* and a certified prison trust account statement, Plaintiff failed to provide this Court with a written authorization to withdraw funds from his prison trust fund account. Second, Plaintiff did not provide eight copies of the complaint for service upon Defendants.

**A. Failure to Provide a Written Authorization to Withdraw Funds**

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff filed a certified copy of the trust fund account statement, but he did not provide a written authorization to withdraw funds from this account, as Judge Whalen directed him to do.

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate

the full amount of fees." *Id*.  The district court must then order that the case be dismissed for want of prosecution. *Id.*

In this case, Plaintiff's application to proceed without prepayment of fees and costs is deficient because he failed to file an authorization to withdraw funds.  The moment Plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *Id*.  Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x. 530, 533 (3rd Cir. 2010).

**B. Failure to Provide Sufficient Copies of the Complaint to Effect Service**

Plaintiff's complaint is also subject to dismissal because he failed to provide eight copies of the complaint for service upon Defendants.  An inmate bringing a civil rights complaint must specifically identify each Defendant against whom relief is sought, and must give each Defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a Plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the Plaintiff's process to a United States Marshal's Office, who must effect service upon the Defendants once the Plaintiff has properly identified the Defendants in the Complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). The Marshal's Office requires copies of the Complaint in order to serve the Defendants and provide them

with notice of this case.  The Complaint is subject to dismissal for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Whalen's order to provide the requested copies needed to effect service upon Defendants. *See Erby v. Kula,* 113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

## II.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  A dismissal without prejudice does not prevent Plaintiff from re-filing this case, provided that all of the above requirements are met.


Dated:  October 15, 2014                    s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 15, 2014, using the CM/ECF system; a copy of this Order was also mailed to the Kinross Correctional Facility, 16770 South Watertower Drive, Kincheloe, MI 49788, directed to Plaintiff's attention.


                                            s/A. Chubb
                                            Case Manager