**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NIKO SHONTA SIMMONS,

     Plaintiff,

  v.

BLAINE LAFLER, et. al.,

     Defendants.

_____/

Case No. 14-13063
HON. TERRENCE G. BERG

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO**
**REOPEN AND TRANSFER CASE TO THE UNITED STATES**
**DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

   Plaintiff Niko Shonta Simmons is an inmate confined at the Kinross

Correctional Facility in Kincheloe, Michigan. (Dkt. 1.) On August 6, 2014, Plaintiff

filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (*Id.*) On October

15, 2014, the Court summarily dismissed the complaint (Dkt. 7) because Plaintiff

had failed to comply with two orders of deficiency that had been signed by

Magistrate Judge R. Steven Whalen on August 14, 2014 (Dkts. 4 and 5). The Court

indicated that plaintiff could re-file his case provided that he complies with

Magistrate Judge Whalen's orders of deficiencies. (Dkt. 7, p. 4.)

   Plaintiff has now filed a Motion for Reconsideration in which he claims that

he attempted to correct these deficiencies in a timely fashion, or at the very least,

wishes to correct them now. (Dkt. 9.) Because it appears that Plaintiff has

attempted to correct the noted deficiencies, the Court will ORDER the Clerk of the

Court to reopen the case to the Court's active docket.  However, for the reasons

discussed in detail below, the Court will further ORDER the Clerk of the Court to transfer the case to the United States District Court for the Western District of Michigan.

## I. OPINON

### A.  Plaintiff's Case Shall Be Re-opened.

Plaintiff claims in his Motion for Reconsideration that that he sent an authorization to withdraw funds along with a six-month account statement to the Court on August 5, 2014. (*Id.* at 2.) Plaintiff also states that he sent eight copies of the complaint to the Court via prison mail on August 20, 2014. (*Id.*) Plaintiff has attached several exhibits from the Michigan Department of Corrections ("M.D.O.C.") Expedited Legal Mail, which appear to corroborate Plaintiff's claim that he sent the requested information to the Court. (*Id.* at 10-20.)

In addition, Plaintiff has attached to his Motion for Reconsideration a copy of the certificate of prison account activity and an application for prisoner to proceed without prepayment of fees or costs. (*Id.* at 16-20.) Plaintiff's Complaint was dismissed in part because Plaintiff did not include a written authorization to withdraw funds from his prison trust fund account. (Dkt. 7, p. 1.) Plaintiff's current application for prisoner to proceed without prepayment of fees or costs contains a written authorization to withdraw funds (Dkt. 9, p. 16) and Plaintiff has thus corrected this deficiency with respect to his earlier application.

With respect to the lack of sufficient copies of his Complaint, Plaintiff has attached a Legal Photocopy Disbursement Authorization dated August 19, 2014,

2

which states that M.D.O.C. made eight copies of a thirty-three page civil rights complaint for Plaintiff. (*Id.* at 10.) Because Plaintiff's current civil rights complaint is thirty-three pages, and this is the number of pages recorded as copied, it appears that this was indeed the Complaint being copied for Plaintiff. Plaintiff also attached an Expedited Legal Mail form indicating that an item was mailed out the next day to this Court pertaining to the case number for this case. (*Id.* at 11.) This document also offers corroboration of Plaintiff's claim that he made the requisite copies of the Complaint and had them mailed to this Court, but that the copies were somehow lost along the way.

The Court indicated in its opinion and order that Plaintiff could re-file his case if he complied with Magistrate Judge Whalen's orders of deficiency. (Dkt. 7, p. 4.) In light of the information contained within the Motion for Reconsideration (Dkt. 9), the Court will therefore order the Clerk of the Court to reopen the case to the Court's active docket. Because the Court is transferring this case to the United States District Court for the Western District of Michigan, however, the Court will not decide the question of whether Plaintiff may proceed without prepayment of fees, or whether to excuse Plaintiff's failure to provide sufficient service copies to the Court and allow Plaintiff another chance to provide the requisite number of service copies.  These issues are more appropriately to be decided by the district judge in the Western District of Michigan.[1]

---

[1] In reviewing Plaintiff's Complaint, it appears that Plaintiff actually provided three copies of the Complaint when he filed it. (*See* Dkt. 1.) Magistrate Judge Whalen may have been unaware of this when he signed the original Order of Deficiency. Plaintiff's initial Complaint was nonetheless

**B. The Case Shall Be Transferred to the United States District Court for the Western District of Michigan.**

Plaintiff is currently incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan, which is located in the Western District of Michigan. Plaintiff has named eight different Defendants: Blaine Lafler, the warden at the Carson City Correctional Facility in Carson City, Michigan (DRF), Russel Klatt, the ARUS at Carson City Correctional Facility, Cindi Curtin, the warden at Oaks Correctional Facility (ECF) in Manistee, Michigan, Wendy M. Brinkley, the ARUS at at Oaks Correctional Facility, and Penny Rogers, a nurse at the Kinross Facility. All of these defendants are located in the Western District of Michigan as well. Plaintiff has also named Corrections Medical Services and Prison Health Services as Defendants.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all of the defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 F.App'x. 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b)).

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp.

---

deficient in light of the fact that he named eight Defendants yet apparently provided only three copies.

4

2d 803, 805-06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses as well as in the interests of justice, this case should be transferred to the Western District of Michigan. Plaintiff is currently incarcerated in the Western District of Michigan and the Defendants also reside in that district.  Although in part of the Complaint, Plaintiff alleges that the Defendants violated his rights when they infected him with MRSA at the Reception and Guidance Center in Jackson, Michigan (Dkt. 1, p. i), the overwhelming majority of Plaintiff's Complaint relates to alleged medical indifference on the part of M.D.O.C. officials while Plaintiff was incarcerated at either the Carson City or Kinross Correctional Facilities in the Western District of Michigan. (*Id.* at i-ii.) Moreover, Plaintiff's claims involving

wrongful transfer, being wrongly placed in a higher security level, being wrongfully terminated from his prison job, and his related retaliation claims all took place at either the Carson City or Oaks Correctional Facilities in the Western District. (*Id.*)

"'In tort cases, when determining whether a substantial part of the events or omissions giving rise to the plaintiff's claim occurred or did not occur' in a particular district for purposes of § 1391(b)(2), 'the facts that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt.'" *See Estate of Abtan v. Blackwater Lodge and Training Center,* 611 F. Supp. 2d 1, 8 (D.D.C. 2009) (quoting 14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3806.1 (6th ed. 2008)). In the present case, the only allegedly tortious actions Plaintiff complains of occurred in the Western District of Michigan and that is where the harms are being felt. Plaintiff has not even named any person from the Reception and Guidance Center in Jackson, Michigan as Defendants. (*See* dkt. 1.) Venue is therefore not proper in this district for Plaintiff's claims under any of the provisions of 28 U.S.C. § 1391(b) because none of the Defendants reside in the Eastern District of Michigan, no substantial part of the events giving rise to Plaintiff's  claims took place here, and this is not a case in which no other district is available. *See Hazel v. Lappin,* 614 F. Supp. 2d 66, 72 (D.D.C. 2009).

Moreover, in cases in which a Plaintiff's claims may require testimony or files that can be most easily obtained at or near the Plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient

forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir. 1974). The Court also notes that Plaintiff seeks injunctive relief in this case. (Dkt. 1, pp. 19-20.) Considerations of justice and convenience require the transfer of Plaintiff's claim for injunctive relief for his claim of alleged inadequate medical care to the Western District of Michigan, which is the location of Plaintiff and his medical records. *See Bryant v. Carlson,* 652 F. Supp. 1286, 1288-89 (D.D.C. 1987). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

//

//

//

//

//

//

//

//

//

7

## II. ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court reopen the case to the Court's Active Docket. **IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated:  December 1, 2014

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 1, 2014, using the CM/ECF system; a copy of this Order was also mailed to the Kinross Correctional Facility, 16770 South Watertower Drive, Kincheloe, MI 49788, directed to Plaintiff's attention.

s/A. Chubb
Case Manager

8